Michele R. Stafford, Esq. (SBN 172509)
Tino X. Do, Esq. (SBN 221346)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Bay Parkway, Suite 100
Alameda, California 94502
Telephone: (510) 906-4710
Email: mstafford@sjlawcorp.com
Email: tdo@sjlawcorp.com

Attorneys for Plaintiffs, Boards of Trustees of
the San Diego Electrical Pension Trust, et al.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SAN DIEGO ELECTRICAL PENSION TRUST;<br><br>BOARD OF TRUSTEES OF THE SAN DIEGO ELECTRICAL HEALTH & WELFARE TRUST;<br><br>ANDY BERG and JEREMY ABRAMS, Trustees,<br><br>Plaintiffs,<br><br>v.<br><br>MY ELECTRICIAN INC. a California corporation,<br><br>Defendant. | Case No. **'19CV1500 GPC MDD**<br><br>**COMPLAINT** |

<u>Parties</u>

1.  The San Diego Electrical Pension Trust ("Pension Fund") and the San Diego Electrical Health & Wealth Trust ("Health Fund") are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3), and are multi-employer plans as defined by ERISA §3(37)(A) (29 U.S.C. §1002(37)(A)). Andy Berg and Jeremy Abrams are Trustees of the Trust Funds with authority to act on behalf of all Trustees. Plaintiffs Board of Trustees of the San Diego Electrical Pension Trust and Board of Trustees of the San Diego Electrical Health & Wealth Trust are authorized to bring suit and collect monies for all Plaintiffs, including all

1
**COMPLAINT**

other funds to which Defendant is obligated to contribute under the Bargaining Agreements described below. These Funds and their fiduciaries are together referred to herein as "ERISA Plaintiffs" or "Plaintiffs."

2. The Pension Fund and the Health Fund are authorized by the respective Boards of Trustees of the San Diego Electrical Training Trust (Joint Apprenticeship and Training Fund), San Diego Electrical Annuity Plan, National Electrical Benefit Fund, National Electrical Industry Fund, Education and Manpower Development Trust, and the Labor-Management Cooperative Fund (each a 'Trust Fund" and collectively the "Trust Funds" or the "Bargainined Plans"), to receive and collect contributions on behalf of these Trust Funds. Additionally, the Pension Fund, and the Health Fund are authorized by the International Brotherhood of Electrical Workers Local 569,("IBEW 569" or the "Union") to receive and collect union dues on behalf of IBEW 569.

3. The Pension Fund, the Health Fund, the San Diego Electrical Training Trust, the San Diego Electrical Annuity Plan, and the National Electrical Benefit Fund are jointly administered labor-management trust funds which were created and maintained pursuant to LMRA § 302(c)(5) (29 U.S.C. § 186(c)(5)). These Trust Funds are multi-employer plans within the meaning of ERISA §§ 3(37)(A) and 515 (29 U.S.C. §§ 1002(37)(A) and 1145). These Trust Funds are, and at all times relevant herein were, duly organized and operating in this state, administered in San Diego County.

4. The Education and Manpower Development Trust, the Labor-Management Cooperative Fund, and the International Brotherhood of Electrical Workers Local 569, are entities created by the International Brotherhood of Electrical Workers and/or the National Electrical Contractors' Association for the benefit of their members and are and at all times relevant herein were, duly organized and operating in San Diego County, in the State of California.

5. My Electrician Inc., a California Corporation, is an employer by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

## Jurisdiction

6. Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that ERISA Plaintiffs seek to enforce the provisions of ERISA and

2

**COMPLAINT**

\\SJLAW-FILES\Public\CLIENTS\SDECL\Collection Cases\My Electrician, Inc\Pleadings\Drafts\My Electrician - Complaint.docx

the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

7. Jurisdiction exists in this Court over all the claims by virtue of the Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and conditions of a valid Bargaining Agreement.

8. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

### Venue

9. Venue is conferred upon this Court by § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at their principal place of business in San Diego, California. Thus, jurisdiction and venue are properly grounded with this Court.

10. Venue exists in this Court with respect to the claims under LMRA § 301, 29 U.S.C. § 185, as this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

### Bargaining Agreements

11. Defendant entered into a Letter of Assent on August 13, 2012 to be bound by San Diego Unified School District Project Stabilization Agreement Construction and Major Rehabilitation Funded by Proposition S, effective July 28, 2009 ("PSA"), which incorporated by reference the following collctive bargaining agreements: (1) the Inside Agreement (inside wireman's agreement) between the San Diego Chapter, NECA and Local Union 569, IBEW; (2) the Local 569 Sound Agreement between the San Diego Chapter, NECA and Local Union 569, IBEW; and (3) the Streetlighting Labor Agreement

between the San Diego Chapter, NECA and Local Union 569, IBEW (collectively, the "Bargaining Agreements"). These agreements require employer contributions to Plaintiffs' ERISA Funds, to the Union for union dues, and to the other plans more fully described in the Bargaining Agreements. Plaintiffs are third party beneficiaries of the Bargaining Agreements.

12. Under the Bargaining Agreements and the governing documents of ERISA Plaintiffs (the "Trust Agreements"), which are incorporated into the Bargaining Agreements and made binding on Defendant, Defendant is required to regularly pay to ERISA Plaintiffs, the Bargained Plans, and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendant's employees. Contributions are due on the fifteenth (15th) day of the month following the month the hours were worked, and are considered delinquent if not received by that day. Defendant is also required, pursuant to the Bargaining and Trust Agreements, and ERISA to pay liquidated damages for each delinquent contribution. Moreover, the Bargaining and Trust Agreements, and ERISA provide that interest accrues on delinquent contributions from the day contributions become delinquent, until paid.

13. The Bargaining Agreements further requires Defendant to submit any and all relevant records to Plaintiffs for examination to determine whether Defendant is making full and prompt payment of all sums required to be paid by it to Plaintiffs. Should an audit of Defendant's records reveal Defendant has failed to provide full and prompt payment of all sums due, Defendant must reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

Factual Allegations

14. Defendant has failed and refused to comply with an audit of its payroll records for the period from October 1, 2017 through December 31, 2017.

15. Plaintiffs are entitled to recover any and all other contributions, and all liquidated damages and interest on delinquent contributions not specified above, found due on timecards, further audit, or otherwise, including estimated contributions for any months Defendant fails to report to

4

**COMPLAINT**                                                            \\SJLAW-FILES\Public\CLIENTS\SDECL\Collection Cases\My Electrician, Inc\Pleadings\Drafts\My Electrician - Complaint.docx

Plaintiffs, through the time of Judgment. Plaintiffs reserve the right to conduct a further audit to determine whether there are any additional amounts due from Defendant.

### FIRST CAUSE OF ACTION

**For Audit Compliance, Payment of Delinquent Contributions, Interest, Liquidated Damages, Attorneys' Fees and Costs Against Defendant**

16. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 15, above.

17. Defendant has a contractual duty to timely pay the required contributions to Plaintiffs and the Bargained Plans, and to timely pay dues to the Union, pursuant to the Bargaining Agreements and Trust Agreements. Defendant also has a contractual duty under the Bargaining Agreements, and Trust Agreements incorporated therein, to permit an audit of their records to determine whether they are making full and prompt payment of all sums required to be paid to Plaintiffs, and to pay Plaintiffs all amounts found due as a result of an audit, including audit fees.

18. In addition, Defendant has a statutory duty to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a)

19. By refusing to permit an audit of its records, Defendant breached the Bargaining Agreements and are in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

20. Defendant's failure and refusal to permit the audit and to pay the required contributions was at all times, and still is, willful. Defendant continues to breach the Bargaining Agreements, and incorporated Trust Agreements, by failing to pay all amounts owed as alleged. Said refusal is unjustified and done with knowledge and intent.

21. ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendant are ordered specifically to perform all obligations required on Defendant's part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining and Trust Agreements, and is restrained from continuing to refuse to perform as required thereunder.

22. This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the

5

COMPLAINT

\\SJLAW-FILES\Public\CLIENTS\SDECL\Collection Cases\My Electrician, Inc\Pleadings\Drafts\My Electrician - Complaint.docx

1  possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries. The
2  balance of hardships and advancement of public interest favor ERISA Plaintiffs.

3      23.    This Complaint does not in any manner relate to statutory withdrawal liability that may or
4  may not be assessed against Defendant. ERISA Plaintiffs expressly reserve the right to pursue any such
5  withdrawal liability claims against Defendant as provided by ERISA Plaintiffs' Plan Documents, Trust
6  Agreements, and the law.

Prayer

WHEREFORE, Plaintiffs pray as follows:

    1.    For an order,

        (a)    requiring that Defendant comply with its obligations to Plaintiffs under the terms of the Bargaining Agreements and the Trust Agreements, including permitting an audit of its records as requested by Plaintiffs;

        (b)    enjoining Defendant from violating the terms of those documents and of ERISA; and

        (c)    enjoining Defendant from disposing of any assets until said terms have been complied with, and from continuation or operation of Defendant's business until said terms have been complied with.

    2.    For a judgment against Defendant as follows:

        a.    Any unpaid contributions, due at time of Judgment, including those specified above as well as any other contributions determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendant fails to report to Plaintiffs, pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

            i.    To ERISA Plaintiffs and the Bargained Plans, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreement;

            ii.    To the Union in accordance with the Bargaining Agreement.

        b.    Liquidated damages on all late-paid and unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA

**COMPLAINT**

\\SJLAW-FILES\Public\CLIENTS\SDECL\Collection Cases\My Electrician, Inc\Pleadings\Drafts\My Electrician - Complaint.docx

§ 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

   c. Interest on all late-paid and unpaid contributions at the rates set in accordance with the Bargaining Agreement, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B).

  3. Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreement for all Bargained Plans; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

  4. That the Court retain jurisdiction of this case pending compliance with its orders.

  5. For such other and further relief as the Court may deem just and proper.

DATED: August 12, 2019      SALTZMAN & JOHNSON LAW CORPORATION

            By: /S/ Tino X. Do
              Tino X. Do
              Attorneys for Plaintiffs Boards of Trustees of
              the San Diego Electrical Pension Trust, et al.